PATRICK BESTON & another *vs.* FRANCES A. AMADON.

Hampden.     September 25, 1901. — October 18, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Agency.*

In an action for the price of bricks used in building a greenhouse for the defend-
ant ordered for her by her son-in-law, it appeared, that the evidence for the
plaintiff was the same as that at a former trial which this court had decided
was sufficient to entitle the plaintiff to go to the jury. The defendant asked
for a ruling, that there was "no evidence that the defendant or her husband
knew of the work until their return." The ruling was refused. *Held,* that
the refusal was right; that if the request meant only that there was no evi-
dence that the defendant knew before her return that the work had been be-
gun, this, if true, was immaterial, in case she had authorized the work, and that,
if it meant that there was no evidence that she knew the work was to be done,
the contrary had already been decided in the same case as reported in 172
Mass. 84.

CONTRACT to recover the price of bricks ordered from the
plaintiffs for the defendant by her son-in-law and used in build-
ing a greenhouse and making repairs and improvements on land
of the defendant. Writ dated December 7, 1895.

This case was first tried in the Superior Court, before *Bond,*
J., who directed a verdict for the defendant. Exceptions to this
ruling were sustained by this court in a decision reported in 172
Mass. 84. At the new trial in the Superior Court, before *May-
nard,* J., the evidence was substantially the same as that at the
former trial, with some additional evidence for the defence. At
the close of the evidence, the defendant requested the court to
rule, 1. That upon all the evidence, the plaintiffs are not entitled

to recover; 2. That unless the defendant or her husband was present during the performance of substantially the whole work, the plaintiffs are not entitled to recover; 3. That if the defendant and her husband were absent when the work was begun and did not know of it until it was wholly or substantially completed, the plaintiffs are not entitled to recover; 4. That there is no evidence that the defendant or her husband knew of the work until their return. The judge refused to give these rulings.

The jury returned a verdict for the plaintiffs in the sum of $1,067.95; and the defendant alleged exceptions.

*C. L. Gardner & C. S. Gardner*, for the defendant.

*J. B. Carroll & W. H. McClintock*, for the plaintiffs.

HOLMES, C. J. This case has been before the court already on substantially the same evidence, and it has been decided that the plaintiffs were entitled to go to the jury. 172 Mass. 84. There was a little more evidence for the defence, but that, of course, the jury might disbelieve. We do not perceive upon what ground that question is raised here again. As to the second and third rulings asked, they were not literally correct, and were covered, so far as proper, by the instructions given. If the fourth request meant only that there was no evidence that the defendant's intestate knew before her return that the work had been begun, the proposition is questionable, and, in case she authorized it, immaterial. If it meant that there was no evidence that she knew that the work was to be done, that already has been decided against the defendant.

*Exceptions overruled.*